UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAMAL MOHAMED,

                Petitioner,

                                            **Hon. Hugh B. Scott**

            v.

                                            10CV182S

                                              **Report**
                                                **&**
U.S.C.I.S. DHS ICE,                           **Recommendation**

                Respondent.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 6). The instant matter before the Court is respondent's motion to dismiss or alternatively for summary judgment (Docket No. 8[1]). Responses to this motion were due by June 11, 2010, and any reply were due by June 17, 2010, with the motion deemed submitted (without oral argument) on June 17, 2010 (Docket No. 11).

## BACKGROUND

This is an immigration habeas corpus case. Petitioner, proceeding pro se, is pursuing an appeal of the decision of respondent denying him citizenship (Docket No. 1, Pet. at 1). Petitioner is a citizen of Guyana and was granted lawful permanent resident status in the United States in

---

[1] In support of its motion, respondent submitted its Statement of Material Facts with appended Declaration of Christina Bonnette, Docket No. 9; its Memorandum of Law, Docket No. 10; and its reply memorandum, Docket No. 13. In opposition, petitioner submits his responding memorandum, with exhibits, Docket No. 12. He did not submit a statement of facts that are disputed.

2002 (Docket No. 9, Resp't Statement ¶ 1). On February 18, 2003, petitioner was convicted of misdemeanor sexual misconduct in New York state court for a sexual crime involving a fourteen year old victim, and was sentenced to three years probation (id. ¶ 2). Petitioner denies that this offense is one subject to deny him naturalization (Docket No. 12, Pet'r Response at 1). On March 4, 2008, petitioner filed an Application for Naturalization with respondent (Docket No. 9, Resp't Statement ¶ 3), and was interviewed on August 11, 2008, for this application (id.). On September 23, 2008, respondent denied petitioner's Application for Naturalization because he failed to demonstrate good moral character, a prerequisite for naturalization under 8 U.S.C. § 1427(a)[2], concluding that petitioner was convicted of an aggravated felony (id. ¶ 5). Respondent contends that petitioner failed to appeal this denial by requesting a hearing before an immigration officer, see 8 U.S.C. § 1447(a) (id. ¶ 6). On October 14, 2008, petitioner was placed in immigration removal proceedings (id. ¶ 7).

Petitioner apparently appealed a removal decision rendered against him and obtained a temporary stay of removal while that appeal is pending before the United States Court of Appeals for the Second Circuit (Docket No. 12, Pet'r Response, Ex., Order, Mohamed v. Holder, No. 09-4501-ag, summary order, Apr. 14, 2010).

Respondent now moves to dismiss and for summary judgment, pursuant to Rules 12(b)(1) (subject matter jurisdiction), 12(b)(6) (failure to state a claim), and 56 (summary judgment) (Docket No. 8).

---

[2]For five years prior to date of application, applicant must be a "person of good moral character." Someone is not considered as a person of good moral character if they were convicted of an aggravated felony, which is defined in the Immigration and Nationality Act to mean murder, rape, or sexual abuse of a minor, 8 U.S.C. §§ 1101(f), (a)(43)(A), Docket No. 10, Resp't Memo. at 10.

Petitioner responds that there is no basis for removing him, since the underlying offense was not a aggravated felony under the immigration laws (see Docket No. 12). In reply, respondent contends that petitioner fails to address the jurisdictional arguments raised in this case (Docket No. 13).

## DISCUSSION

I. Applicable Standards

    A. Motion to Dismiss

Respondent has moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007). To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5. As recently reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 129 S.Ct. at 1949 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

### B. Summary Judgment

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(c). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact

exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56.1(a), (b). The movant is to submit facts in which there is no genuine issue, id. R. 56.1(a), while the opponent submits a statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56.1(b). "Each statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, as required by Federal Rule of Civil Procedure 56(e)," with citations identifying "with specificity" the relevant page or paragraph of the cited authority, id. R. 56.1(d). All material facts stated in movant's statement that are not

5

controverted by the opponent's counter-statement shall be deemed admitted, id. R. 56.1(c). These Rules do not state what happens if an opponent fails to cite authority in support of its counter-statement of disputed facts. The purpose of these statements, and the appendix of supporting evidence, id. R. 56.1(d), is to summarize and highlight for the Court the material factual issues, the authority in the evidentiary record for the purported facts, and whether the parties believe they are in dispute.

Here, petitioner did not submit a Local Rule 56.1 statement of facts in dispute, but did include exhibits[3] (see Docket No. 12) with his memorandum , where he contests the facts opposing the underlying denial of naturalization. Thus, respondent's facts should be deemed admitted by petitioner.

## II. Does This Court Have Jurisdiction?

Respondent argues that this Court lacks jurisdiction over petitioner's naturalization application (Docket No. 10, Resp't Memo. at 10-12; see Docket No. 13, Resp't Reply Memo. at 1-2). Petitioner argued that he appealed pursuant to 8 U.S.C. § 1447(b) (see Docket No. 1, Pet. at 1), seeking judicial relief for agency inaction, but respondent denies that this provision is applicable here since that section applies only when the agency fails to act within 120 days of an examination, see Escaler v. U.S. Citizenship and Immigration Servs., 582 F.3d 288, 292 (2d Cir. 2009). A decision was made on petitioner's naturalization application (Docket No. 10, Resp't Memo. at 12), and was rendered within 80 days of petitioner's interview (id. at 2). Furthermore,

---

[3]This includes the Order of the United States Court of Appeals for the Second Circuit on the pending appeal from the Board of Immigration Appeals decision, character reference letters for petitioner, and a memorandum on § 316(a) of the Immigration and Nationality Act on "good moral character."

respondent argues that petitioner failed to exhaust his administrative remedies prior to filing this action (id.); see id., 582 F.3d at 291-92.

The Attorney General has the "sole authority to naturalize persons as citizens of the United States," 8 U.S.C. § 1421 (Docket No. 12, Resp't Memo. at 8). This Court would have jurisdiction to review a naturalization application pending more than 120 days after an interview, to review denials of an application after exhaustion of administrative remedies, or to administer oaths of citizenship, 8 U.S.C. §§ 1447(b), 1421(c), (b) (id. at 8-9), with the latter not pertinent here. The first basis for federal court jurisdiction is to address administrative inaction, Escaler, supra, 582 F.3d at 290.

Under either Rule 12(b) or 56, respondent should have this petition dismissed because this Court lacks subject matter jurisdiction over this matter. For example, as a summary judgment motion, petitioner has failed to show an existence of material facts or that respondent is not entitled to judgment as a matter of law. Here, petitioner had his application denied within 120 days of his interview. He has not asserted that he exhausted his administrative remedies prior to commencing this action. Thus, this Court does not have jurisdiction based upon the two adjudicative grounds set forth by Congress in the Immigration and Nationality Act. What is not before the Court is underlying basis for denial of naturalization and for petitioner's pending removal, whether his offense of conviction was an aggravated felony, a point strenuously argued by petitioner (see Docket No. 12) and alternatively contested by respondent (see Docket No. 10, Resp't Memo. at 13). That issue may be considered in the appeal of the removal decision now pending before the Second Circuit.

## CONCLUSION

Based upon the above, it is recommended that respondent's motion to dismiss or alternatively for summary judgment dismissing the Petition for Habeas Corpus (Docket No. 8) be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

                                              */s/ Hugh B. Scott*
                                              Hon. Hugh B. Scott
                                          United States Magistrate Judge

Dated: Buffalo, New York
       June 23, 2010